United States District Court

Eastern District of California

Gregory Tabarez,

     Plaintiff,    No. Civ. S 04-0360 LKK PAN P

  vs.    Findings and Recommendations

Diana Butler, et al.,

     Defendants.

-oOo-

Plaintiff is a prisoner prosecuting this civil rights action without counsel. See 42 U.S.C. § 1983. He alleges that April 8, 2002, defendants intentionally released incompatible groups of Hispanics to a handball court to instigate a riot and when plaintiff was attacked they failed to protect him. Defendants move to dismiss upon the ground plaintiff failed to exhaust the available administrative remedies.

On a motion to dismiss for failure to exhaust available administrative remedies, the court may look beyond the pleadings

and decide disputed facts.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2002).  42 U.S.C. § 1997e(a) provides that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available.  The requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Administrative remedies are available so long as some form of redress may be obtained through an established procedure.  <u>Booth</u>, 532 U.S. at 738-39.  The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Where a litigant requests leave to proceed in forma pauperis, suit commences when the request is granted.  <u>See</u> 28 U.S.C. § 1915(a)(1) (court may "authorize commencement" of suit without prepayment of filing fee for person demonstrating inability to pay).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  15 Cal. Admin. Code § 3084.1(a).  A prisoner must submit his appeal within 15 work days of the event or decision appealed or of receiving an unsatisfactory decision on a lower level.  15 Cal. Admin. Code § 3084.6(c).  The regulations require the use of specific forms but contains no guidelines for grievance content.  15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities

Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). Prisoners ordinarily must present their allegations on one informal and three formal levels of review. 15 Cal. Admin. Code § 3084.5. The informal level is waived for and the appeals coordinator must bypass the first formal level for certain classes of appeals. 15 Cal. Admin. Code § 3084.5(a)(3), (b). The institution head or his designee reviews appeals on the second level. 15 Cal. Admin. Code § 3084.5(e)(1). Decisions on the third level, the Director's Level of Review, cannot be appealed and conclude the administrative process. 15 Cal. Admin. Code § 3084.1(a).

July 18, 2002, plaintiff submitted a grievance about the events of April 8, 2002. He requested official reprimand and "restraint" of staff involved in those events. July 25, 2002, petitioner received notice the appeals coordinator rejected the grievance upon the ground petitioner exceeded the time-limit for grieving the events of April 8. Under the heading, "Please Follow Instructions and Return with your CDC-602," the appeals coordinator wrote, "You have 15 working days to file an appeal. I will forward a copy of your complaint to Warden Butler for any action she deems necessary." Also July 25, 2002, plaintiff had to relinquish all personal property in preparation for his transfer from Folsom State Prison to San Quentin State Prison.

Petitioner appealed August 27, 2002, upon the ground his initial grievance was not late because he was in administrative segregation until August 9, 2002, and disciplinary proceedings

1 against him based on the riot were ongoing.  He requested leave
2 to exhaust administrative remedies so he could file a civil
3 rights action in federal court.  August 28, 2002, the appeals
4 coordinator at San Quentin State Prison directed the appeal to
5 staff at Folsom State Prison, who informed San Quentin staff the
6 appeal had been rejected as untimely.  September 19, 2002,
7 plaintiff received notice his appeal was rejected because his
8 initial grievance was untimely.

9   September 22, 2002, plaintiff appealed to the director's
10 level of review, again arguing his initial grievance was not late
11 because he was in administrative segregation until August 9,
12 2002, and disciplinary proceedings against him based on the riot
13 were ongoing.  October 7, 2002, plaintiff's appeal papers were
14 returned because his original appeal was untimely.

15   Defendants contend plaintiff failed to exhaust because his
16 initial grievance was untimely.  The appeals coordinator
17 forwarded a copy of the grievance to the warden, effectively
18 bypassing the first formal level of review.  <u>See</u> 15 Cal. Admin.
19 Code § 3084.5(b)(3) (authorizing bypass of the first formal level
20 for issues "which cannot be resolved at the division head's
21 level"); 15 Cal. Admin. Code § 3084.5(e)(1).  Since Warden Butler
22 did not respond to plaintiff in writing, plaintiff could not
23 appeal her decision and no further remedy was available.
24 Accordingly, plaintiff exhausted available administrative
25 remedies.  <u>See</u> <u>Lewis v. Washingon</u>, 300 F.3d 829, 833 (7th Cir.
26 2002) (administrative remedy unavailable when prison officials'

4

1  neglect or omission prevents an inmate from utilizing them);
2  Brown v. Croak, 312 F.3d 109 (3rd Cir. 2002) (same); Foulk v.
3  Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (same).
4      The Ninth Circuit Court of Appeals recently addressed the
5  question of whether a prisoner who files an untimely
6  administrative appeal defaults a state procedure such that he
7  cannot bring a civil rights action in federal court. Ngo v.
8  Woodford, 2005 WL 674707 (C.A. 9 (Cal.)).  In that case, an
9  appeals coordinator rejected Ngo's initial grievance as late and
10 advised Ngo he could appeal the finding of untimeliness.  Ngo's
11 timely appeal was rejected and he filed a civil rights action in
12 federal court.  The District Court dismissed the action as
13 unexhausted under 42 U.S.C. § 1997e(a), reasoning that since
14 Ngo's initial grievance was time-barred he did not exhaust
15 available administrative remedies.
16     The appellate court held that when a prisoner's appeal is
17 rejected as untimely and defendants cannot identify any further
18 remedy, the prisoner has exhausted under 42 U.S.C. § 1997e(a).
19 Ngo.  Explaining that the purpose of exhaustion under 42 U.S.C. §
20 1997e(a) is different from that in habeas corpus, the court held
21 that when a prisoner is deemed to have defaulted time
22 requirements for pursuing an administrative remedy, § 1997e(a)
23 does not bar suit in federal court.  Id.
24     The appeals coordinator in this case advised plaintiff he
25 could appeal her decision within 15 work days.  Plaintiff's
26 transfer prevented him from complying with the time-limit but

once settled at San Quentin, he appealed the determination his initial grievance was untimely through the director's level of review. Those appeals were rejected. Defendants do not identify any other remedy available to plaintiff. Accordingly, plaintiff exhausted available administrative remedies and his default of the time limit does not bar this court from entertaining this action. Ngo, *supra*.

For these reasons, defendants' October 25, 2004, motion to dismiss should be denied and defendants should be directed to file and serve an answer within 30 days.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: June 2, 2005.

       /s/ Peter A. Nowinski
       PETER A. NOWINSKI
       Magistrate Judge