IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

        Plaintiff,                    No. CIV S-04-0360 LKK PAN P

   vs.

DIANA BUTLER, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. In his first-amended complaint, plaintiff alleges defendants were deliberately indifferent to plaintiff's basic human needs during lock-downs from October 29, 2001, until November 16, 2001, and from November 29, 2001, until January 2, 2002, and again from January 4, 2002, until April 8, 2002. Plaintiff also alleges defendants were deliberately indifferent to his safety April 8, 2002, by simultaneously releasing rival groups of prisoners to the yard.

        On December 19, 2005, plaintiff served on defendant Diana Butler a second set of requests for production. On February 21, 2006, plaintiff filed a motion to compel defendants to comply with Fed. R. Civ. P. 26(a) and to respond requests for production of documents pursuant to Fed. R. Civ. P. 37(a)(2)(B). On March 6, 2006, defendants filed an opposition.

/////

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b).

Pursuant to Fed. R. Civ. P. 26(a)(1) (A) - (D), a party must without receiving any discovery request provide to other parties names, addresses and phone numbers of individuals the disclosing party may use in support of his case, copies or descriptions of all documents, data compilations and tangible items the disclosing party may use in support of his case, a computation of any category of damages claimed by the disclosing party and discoverable documents and evidence related thereto, and any insurance agreement that could be used to satisfy part or all of a judgment or to indemnify ro reimburse for payments made in satisfaction

of a judgment.   But these provisions do not apply in "an action brought without counsel by a person in custody of the United States, as state or a state subdivision." Fed. R. Civ. P. 26(a)(e).

ANALYSIS

Plaintiff seeks an order compelling defendant Butler to comply with the provisions of Fed. R. Civ. P. 26(a)(1) (A) - (D).  These provisions do not apply to state prisoners appearing without counsel.  Fed. R. Civ. P. 26(a)(1)(E)(iii).

Since plaintiff is a state prisoner without counsel, this request will be denied.

<u>Request for Production of Documents</u>

<u>Request Number 1</u>

Plaintiff seeks "Copies of all use-of-force 'Critique and Qualitative Evaluation,' of the riot of April 8, 2002, signed by you as Warden of Folsom."

Defendant Butler objects that plaintiff seeks information outside the scope of discovery.

This objection will be overruled.  <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>See</u>  <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

Defendant objects that this information is "confidential."  Confidentiality is not a ground for objection, although the rules contemplate protection from the disclosure of sensitive information.  <u>See</u> Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(c) (providing that a party may seek an order protecting a person from whom discovery is sought from annoyance or embarrassment).

This objection will be overruled.

Defendant objects upon the ground that the items are not within her possession, custody or control since she is retired and has no power to obtain their release from the California Department of Rehabilitation.

This objection will be sustained.  <u>See</u> Fed. R. Civ. P. 34(a).

/////

1  Request Number 2

2  Plaintiff seeks "Copies of any and all documentation used in making the decision
3  to unlock Northern Hispanic prisoners on April 5, 2002, and on April 8, 2002."

4  Defendant Butler objects that plaintiff seeks information outside the scope of
5  discovery.

6  This objection will be overruled.  See Fed. R. Civ. P. 26(b)(1); Hallett, 296 F.3d
7  at 751.

8  Defendant objects that this information is "confidential."  Confidentiality is not a
9  ground for objection, although the rules contemplate protection from the disclosure of sensitive
10 information.  See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(c) (providing that a party may seek
11 an order protecting a person from whom discovery is sought from annoyance or embarrassment).

12 This objection will be overruled

13 Defendant objects upon the ground that the items are not within her possession,
14 custody or control since she is retired and has no power to obtain their release from the California
15 Department of Rehabilitation.

16 This objection will be sustained.  See Fed. R. Civ. P. 34(a).

17 Request Number 3

18 Plaintiff seeks "Any and all information, documentation, and reports of any prior
19 or ongoing lawsuits or any legal litigations as a result of the riot of April 8, 2002, and aftermath
20 treatment of prisoners, name of plaintiff's and their attorneys."

21 Defendant Butler objects upon the ground that plaintiff seeks information outside
22 the scope of discovery.

23 This objection will be sustained.  See Fed. R. Civ. P. 26(b)(1); Hallett, 296 F.3d at
24 751.

25 Request Number 4

26 Plaintiff seeks, "Copies of any and all documents, taped conversations, video

cassette taped recordings or discs, other than those described in Request Set No. One, and above, which contain, mention or discuss the riot of April 8, 2002, at Folsom State prison."

Plaintiff failed to submit with his motion to compel the page of defendant Butler's response which shows defendant's objection. But in her opposition to plaintiff's motion, Butler asserts the items sought are not within her possession, custody or control.

The court finds the information sought is within the scope of discovery, but will sustain the objection. See Fed. R. Civ. P. 34(a).

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 21, 2006, motion to compel is denied as follows:

1. Defendant's objections that Request Number 1 seeks information outside the scope of discovery and seeks confidential information are overruled;

2. Defendant's objection that Request Number 1 seeks information outside her possession, custody or control is sustained;

3. Defendant's objections that Request Number 2 seeks information outside the scope of discovery and seeks confidential information are overruled;

4. Defendant's objection that Request Number 2 seeks information outside her possession, custody or control is sustained;

5. Defendant's objection that Request Number 3 seeks information outside the scope of discovery is sustained;

6. Defendant's objection that Request Number 4 seeks information outside her possession, custody or control is sustained.

DATED: May 4, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\taba0360.dny mtc discov (#56)