IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

      Plaintiff,                             No. CIV S-04-0360 LKK PAN P

    vs.

DIANA BUTLER, et al.,

      Defendants.                       ORDER

_____/

          Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff alleges defendants were deliberately indifferent to plaintiff's basic human needs during lock-downs from October 29, 2001, until November 16, 2001, and from November 29, 2001, until January 2, 2002, and again from January 4, 2002, until April 8, 2002. Plaintiff also alleges defendants were deliberately indifferent to his safety April 8, 2002, by simultaneously releasing rival groups of prisoners to the yard.

          On February 21, 2006, plaintiff filed a motion to compel defendant Max Lemon to respond to requests for production of documents pursuant to Fed. R. Civ. P. 37(a)(2)(B). On March 8, 2006, defendant Lemon filed an opposition.

////

## DISCOVERY STANDARDS

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b).

## ANALYSIS

Defendant generally objects that,

> this response is made without prejudice to the Defendant's right to raise any and all objections to the requests of any evidence protected by the attorney-client privilege, the work product doctrine, the mediation privilege or the settlement privilege, and the Defendant's right to privacy. To the extent that any request may be construed as calling for information that is subject to any claim of privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the mediation privilege or the settlement privilege, or any

>statutory, common law or regulatory proscription against information disclosure Defendant hereby asserts that doctrine or privilege and objects to that request on that basis. Moreover, no divulgence of information herein shall constitute a waiver of any applicable privilege either as to that information or as to any other evidence.

(Defendant Max Lemon's Responses to Requests for Production - Set 1, p. 2). He then purports to incorporate this objection to each and every response to plaintiff's requests.

A party opposing the production of documents upon the ground the information sought is privileged may not rely upon "boilerplate objections or blanket refusals." <u>Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the District of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, a party must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

Since defendant Lemon submits a biolerplate, blanket objection which he does not make any attempt to justify, the objection will be overruled with respect to all five of plaintiff's requests.

<u>Request Number 1</u>

Plaintiff seeks "Copies of all taped recordings or transcribed conversations relating to the riot of April 8, 2002, investigation interviews defendant Max S. Lemon had with the Inspector General's Office.

Defendant Lemon responds: "Defendant will make available non-protected communications, if any, currently in his possession."

Defendant Lemon is not at liberty to determine whether an item is not subject to discovery. The court makes that determination and so this response is insufficient.

Defendant Lemon will be directed to supplement this response to identify all items he refuses to produce and the specific ground for objection.

Request Number 2

Plaintiff seeks "Copies of video taped recordings or disk of the riot of April 8, 2002, and any aftermath investigation video recording made by the inspector General Office."

Defendant Lemon responds: "Defendant will make available non-protected communications, if any, currently in his possession."

Defendant Lemon is not at liberty to determine whether an item is not subject to discovery.  The court makes that determination and so this response is insufficient.

Defendant Lemon will be directed to supplement this response to identify all items he refuses to produce and the specific ground for objection.

Request Number 3

This request seeks "Identification of your under staff in your office, such as your secretary or clerks in the Custody Complex building where you work on April 8, 2002."

Defendant Lemon objects that these documents are not in his possession, custody or control.  But he does not explain why.

Defendant Lemon will be directed to supplement this response to explain why these documents are not in his possession, custody or control.

Request Number 4

Plaintiff seeks, "Copies of the administrative investigation reports into the allegations that Defendant Max S. Lemon, use of excessive force during the riot on April 8, 2002, and the Department of Corrections Internal Affairs Office investigation reports."

Defendant Lemon objects that these items are not in his possession, custody or control.  But he does not explain why.

Defendant Lemon will be directed to supplement this response to explain why these documents are not in his possession, custody or control.

////

////

Request Number 5

Plaintiff seeks, "Copies of the photographs taken by Correctional Officer WittenBrook, P. Badge # 51763; Incident Log # FSP-CUS-02-04-0041; all photographs taken on April 8, relating to the riot."

Defendant Lemon objects that these items are not in his possession, custody or control. But he does not explain why.

Defendant Lemon will be directed to supplement this response to explain why these documents are not in his possession, custody or control.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 21, 2006, motion to compel is granted and denied in part as follows:

1. Defendant Lemon's blanket, boilerplate objection based upon privileges, the work-product doctrine and the like set out on page two of his Responses to Requests for Production - Set 1 is overruled with respect to all five of plaintiff's requests;

2. Defendant's responses to Request Number 1 and Request Number 2 are insufficient and defendant must supplement these responses to identity all items he refuses to produce and the specific grounds for objection;

3. Defendant's responses to Request Number 3, Request Number 4 and Request Number 5 are overruled and defendant must supplement his responses to explain why the items requested are not within his possession, custody or control.

DATED: August 25, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\004
\taba0360.ord on mtc disc (55)