IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

      Plaintiff,                       No. CIV S-04-0360 LKK EFB P

    v.

DIANA BUTLER, et al.,

      Defendants.               FINDINGS & RECOMMENDATIONS

                           /

       Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's January 25, 2006, amended complaint in which plaintiff alleges that on April 8, 2002, defendants intentionally released incompatible groups of Hispanics to a handball court to instigate a riot, and when plaintiff was attacked defendants failed to protect him. Defendants answered the complaint but they now move to dismiss pursuant to unenumerated Rule 12(b)(6) upon the ground plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a). Plaintiff opposes. For the reasons explained below, the court finds plaintiff failed to exhaust available administrative remedies and recommends that this action be dismissed without prejudice.

////

1  Defendants mistakenly style their motion as one to dismiss.  Defendants have already
2 answered the complaint.  The appropriate motion is one for judgment on the pleadings.  *See* Fed.
3 R. Civ. P. 12(a), (c), (h).  When a party erroneously moves to dismiss pursuant to Fed. R. Civ. P.
4 12(b)(6) after the pleadings are closed the court treats it as a motion for judgment on the
5 pleadings pursuant to Fed. R. Civ. P. 12(c).  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.
6 1980).  "Judgment on the pleadings is properly granted when, taking all allegations in the
7 pleading as true, the moving party is entitled to judgment as a matter of law."  *Merchants Home
8 Delivery Service, Inc., v. Frank B. Hall & Co., Inc.*, 50 F.3d 1486, 1488 (9th Cir. 1995).  Since
9 defendants raise plaintiff's failure to exhaust available administrative remedies, a matter in
10 abatement, the court may look beyond the pleadings and decide disputed facts.  *See Wyatt v.
11 Terhune*, 315 F.3d 1108, 119-20  (9th Cir. 2002).

12  A prisoner may bring no § 1983 action until he has exhausted such administrative
13 remedies as are available.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v.
14 Churner*, 532 U.S. 731, 741 (2001).  The administrative remedy must be exhausted before suit is
15 brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust.
16 *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).  Defendants have the burden of identifying
17 remedies that remain available by reference to statutes, regulations, documents, testimony and
18 information given to the prisoner concerning the grievance procedure.  *Brown v. Valoff*, 422 F.3d
19 926, 937 (9th Cir. 2005).

20  California prisoners may appeal "any departmental decision, action, condition, or policy
21 which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit.
22 15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for
23 grievance content.  Cal. Code Regs. tit. 15, §§ 3084.2, 3085 (designating use of CDC Form 602
24 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the
25 Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification
26 or Accommodation Request).  A prisoner must appeal within 15 work days of any adverse

action. Cal. Code Regs. tit. 15, § 3084.6(c). The regulations permit but do not require untimely appeals to be rejected. *See* Cal. Code Regs., tit. 15, § 3084.3(c)(6). Where prison officials reject an appeal as untimely, a prisoner does not properly exhaust available remedies by filing an untimely appeal. *Ngo v. Woodford*, ___ U.S. ___, 126 S.Ct. 2378, 2384, 2387 (2006).

Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. Cal. Code Regs., tit. 15, § 3084.5. A division head reviews appeals on the first formal level, *see* Cal. Code Regs., tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level, *see* Cal. Code Regs., tit. 15, § 3084.5(e)(1). Completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs., tit. 15, § 3084.1(a). A California prisoner who correctly completes an appeal form provided by prison officials provides information adequate to exhaust the administrative remedy. *See*, *Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005) (error to dismiss complaint for failure to identify defendants on form provided by the prison since the form did not require such identification).

Defendants assert plaintiff filed his appeal late. Plaintiff asserts that, notwithstanding the late appeal, he exhausted because the appeals coordinator sent a copy of the appeal to the warden. He also asserts that the time limit did not apply to him because the prison was on lockdown at the time.

On July 18, 2002, plaintiff submitted a grievance concerning the April 8, 2002, riot. The appeals coordinator bypassed the informal and first formal levels of review but determined the grievance was untimely, stating, "You have 15 working days to file an appeal. I will forward a copy of your complaint to Warden Butler for any action she deems necessary." Warden Butler did not respond.

Plaintiff appealed, asserting his initial grievance was not late because he was in administrative segregation until August 9, 2002, and disciplinary proceedings against him based

3

1  on the riot were ongoing.  On September 19, 2002, plaintiff received notice his appeal was
2  rejected because his initial grievance was untimely.

3  Plaintiff appealed to the Director's Level of Review, again arguing his initial grievance
4  was not late because he was in administrative segregation until August 9, 2002, and disciplinary
5  proceedings against him based on the riot were ongoing.   On October 7, 2002, plaintiff's appeal
6  papers were returned because his original appeal was untimely.

7  Defendants have shown that, under the applicable administrative procedures, when a
8  prisoner submits a late appeal it is rejected and returned to the prisoner "without further
9  processing."  Dec. of Gentry.  Here, the appeals coordinator forwarded a copy to the warden,
10 creating the possibility of further review.  No regulation suspends the time limit for appealing
11 based on a lock-down and it appears that the appeals coordinator acted outside the established
12 procedures for returning late appeals.  Regardless of where the coordinator sent the late appeal,
13 under the applicable regulations there is no provision for extending the deadline. The appeal was
14 late and nothing that plaintiff did created any obligation for the warden to review and act on the
15 appeal.  Plaintiff failed to exhaust available administrative remedies.

16 Accordingly, IT IS HEREBY RECOMMENDED that defendants' June 28, 2006, motion
17 to dismiss, construed as a motion for judgment on the pleadings, be granted and that this action
18 be dismissed without prejudice.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
24 ////
25 ////
26 ////

Case 2:04-cv-00360-LKK-KJN   Document 91   Filed 11/16/06   Page 5 of 5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5