IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

        Plaintiff,                    No. CIV S-04-0360 LKK EFB P

   vs.

DIANA BUTLER, et al.,

                                   ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 16, 2006, the court found that plaintiff failed timely to exhaust available administrative remedies, recommended that defendants' motion for judgment on the pleadings be granted and that this action be dismissed with prejudice. Plaintiff has filed objections and defendants have replied. For the reasons stated below, the court finds that the findings and recommendations should be vacated.

       In the January 25, 2006, amended complaint, plaintiff alleges that on April 8, 2002, defendants intentionally released incompatible groups of Hispanics to a handball court to instigate a riot, and when plaintiff was attacked defendants failed to protect him. For plaintiff to seek relief in federal court for defendants' alleged actions, he must have exhausted available administrative remedies. *See* 42 U.S.C. § 1997e(a). The regulations of the California

1  Department of Corrections and Rehabilitation (CDCR) require a prisoner to file an appeal about
2  any adverse action within 15 work days of that action.  Cal. Code Regs. tit.15, § 3084.6(c).  In
3  their motion, defendants demonstrated that plaintiff did not file a grievance about the riot and the
4  alleged failure to protect him until July 18, 2002, several months after the riot.  In his opposition
5  to the motion, plaintiff asserted that he was in administrative segregation until August 9, 2002,
6  and that disciplinary proceedings against him were ongoing for more than 15 work days
7  following the riot and the appeals coordinator forwarded his appeal to the warden.  The court
8  determined that plaintiff's July 18, 2002, appeal was untimely, no regulation suspended the time
9  for appealing during a lock-down, and that the appeals coordinator acted outside the established
10 procedures governing late appeals when he or she forwarded a copy of plaintiff's late appeal to
11 the warden.  For these reasons, the court found that plaintiff failed to exhaust available
12 administrative remedies.  *See Woodford v. Ngo*, __ U.S. __ ,126 S.Ct. 2378, 2384, 2387 (2006)
13 (where prison officials reject an appeal as untimely, a prisoner does not properly exhaust
14 available administrative remedies).

15     Plaintiff's objections cite to Department of Corrections Operations Manual (DOM)
16 § 54100.4, which specifies that an appeals coordinator may accept a late appeal.  He also
17 reasserts that he did not have to appeal until disciplinary proceedings were complete, and
18 attaches records of those proceedings.  Finally, he asserts that not only was he in administrative
19 segregation for months after the riot, but that he also was without any personal property,
20 including 602 forms necessary to present his appeal, and that only prisoners who were "on good
21 term[s]" (sic) could obtain these forms.

22     In considering plaintiff's objections, the court bears in mind three fundamental principles
23 about the exhaustion requirement imposed by 42 U.S.C. § 1997e(a).  First, the statute requires
24 exhaustion of all *available* administrative remedies.  Second, failure to exhaust such remedies is
25 an affirmative defense.  *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).  Third,
26 defendants have the burden of proving that plaintiff failed to exhaust.  *Brown v. Valoff*, 422 F.3d

2

1  926, 936 (9th Cir. 2005); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

2  Plaintiff's reliance in his objections on DOM § 54100.4 does not change the court's
3  analysis.[1] In the findings and recommendations, the court acknowledged that the regulations
4  permit, but do not require, consideration of a late appeal. *See* Cal. Code Regs tit. 15,
5  § 3084.5(e)(1). Nevertheless, the court determined that, on the facts presented, the appeal was
6  rejected. Plaintiff has not shown DOM § 54100.4 to be a basis for vacating the findings and
7  recommendations.

8  Plaintiff has not offered any new facts about the ongoing disciplinary proceedings to
9  show that he did not have to file his grievance about the riot until after the disciplinary
10 proceedings. The disciplinary proceedings concerned whether plaintiff was a perpetrator or
11 merely a victim in the riot. In his complaint, plaintiff does not allege he was unfairly punished
12 as a result of those proceedings. He alleges that defendants' failure to protect him during the riot
13 violated his rights. Therefore, the temporal relationship between plaintiff's grievance and his
14 disciplinary proceedings is inapposite.

15 However, the court is concerned about plaintiff's argument that prison staff denied him
16 access to personal property and the necessary forms for presenting a grievance over the
17 problems. Defendants respond as follows: (1) plaintiff did not allege lack of access to the
18 process in his opposition to their motion to dismiss; (2) prisoners had access to the appeals
19 process while in administrative segregation; (3) plaintiff's assertion of no access is not credible;
20 and, (4) plaintiff did not pursue his grievance beyond the first formal level of review. With
21 respect to defendants' first argument, the court finds that the question of access to the grievance
22 system is preserved. Plaintiff asserted in his opposition that his presence in administrative
23 segregation hindered his ability to appeal, but he did not explain the exact reason. Pl.'s Opp'n at
24 11. Given the court's duty to liberally construe the assertions of *pro se* litigants, the court finds

25
26  [1] Defendants do not address plaintiff's reliance on DOM § 54100.4.

3

1    that plaintiff raised the argument in his opposition.  As to defendants' second assertion,
2    defendants have not demonstrated that plaintiff, himself, had access to the grievance process.  In
3    support of their motion defendants attached the declaration of a prison official asserting that,
4    "inmates customarily have access to the grievance process."  Dec. of Gentry at 2.  However, the
5    assertion does not address plaintiff's specific allegation here.  He does not assert that it is the
6    custom to deny prisoners in administrative segregation access to the grievance procedure.
7    Rather, he asserts that the officers on duty would not provide the required form 602 to prisoners
8    with whom they were not "on good terms," including plaintiff.  Prison officials may have
9    received dozens of appeals following the riot, but that does not foreclose the possibility that
10   plaintiff himself was, as he alleges, unable to do so because of a guard's whim.  Defendants'
11   evidence of custom does not rebut plaintiff's specific allegation here.

12          Resolution of plaintiff third assertion, i.e., that he lacked access to the grievance process,
13   depends, in part, upon the purpose of the exhaustion requirement and whether a form 602 is
14   essential to filing an appeal within the California Department of Corrections and Rehabilitation.
15   Congress made exhaustion mandatory for state prisoners to "eliminate unwarranted federal-court
16   interference with the administration of prisons," by giving "corrections officials time and
17   opportunity to address complaints internally before allowing the initiation of a federal case," and
18   to "reduce the quantity and improve the quality of prisoner suits."  *Woodford v. Ngo*, ___ U.S. ___,
19   126 S.Ct. 2378, 2387 (2006).  *Ngo* involved a California prisoner, and the underlying assumption
20   of the case is that California prisoners must complete a 602 form, which is "readily available to
21   all inmates."  *Ngo*, ___ U.S. at ___, 126 S.Ct. at 2383 (*quoting* Cal. Code Regs. tit. 15, §
22   3084.1(c)).  This court noted in the findings and recommendations that prisoners must use a 602
23   form when grieving any problem not related to a disability.  Cal. Code Regs. tit. 15, § 3084.2.

24          Turning to defendants' arguments, they assert that on April 7, 2002, plaintiff was in
25   administrative segregation and filed a grievance about the conditions therein.  They also assert
26   that on April 14, 2002, plaintiff submitted a written response to the rejection of that grievance.

4

However, the riot occurred on April 8, 2002. Given plaintiff's assertion that the denial of property and 602 forms occurred *after* the riot, whether he filed a grievance the day before the riot is inapposite. Furthermore, that plaintiff submitted a hand-written response on blank paper after the April 7 grievance was screened out simply demonstrates that at some point he had a pen or pencil and some paper. It does not demonstrate that plaintiff had a 602 form necessary to file a grievance. Furthermore, defendants do not explain how prison officials treated this inquiry. Under the regulation, any appeal submitted without a 602 form must be returned to the prisoner with instructions to complete and sign such a form. DOM § 54100.6. Therefore, if plaintiff's inquiry was deemed an appeal, it would, by regulation, have been returned to him with instructions to complete a 602 form. If his hand-written response improvised from blank paper was ignored or summarily returned, this would suggest that it was not considered an appeal. On the other hand, if plaintiff received some redress or response, this would suggest that it was considered an appeal, and that it was accepted and considered. In any event, the record presented here is unclear. Defendants' failure to elaborate leaves the court without any basis for finding that plaintiff's note triggered any review within the appeals process. For these reasons, plaintiff's April 7, 2002, grievance and April 14, 2002, note do not demonstrate that plaintiff had access to the appeals process while he was in administrative segregation after the riot.

      Finally, defendants argue that even if the plaintiff lacked access to the appeals process within 15 work days of the riot and was prevented from properly utilizing the process, he did not appeal the rejection of his July 18, 2002, appeal about the riot to the Director's Level of Review. The argument misses the point. Plaintiff *did* attempt to appeal the rejection. *See* Pl.'s Opp'n to Mot. to Dism., Ex. 1. He claims that he was precluded from doing so. Furthermore, as noted, the regulations and the DOM require that prison officials return to the prisoner an appeal that is "unacceptable" and "will not be accepted for review." But they also require that the reason for the decision be stated and that the inmate be given some guidance on the proper way to proceed.

////

Of particular relevance here, they provide that "[c]lear instructions of information needed or appeal route to be taken shall be stated." Cal. Code Regs. tit. 15, § 3084.3(d); DOM § 54100.8.1. The record presented here indicates that this requirement was not met. The rejection contained an explanation that the appeal was rejected as late and that plaintiff's "assigned counselor [or] the Appeals Coordinator" could "answer any questions" plaintiff had about the appeals process. Pl.'s Opp'n, Ex. 1. The rejection contained no explanation that plaintiff could appeal the rejection. Given plaintiff's attempt to appeal the rejection and prison officials' failure to inform plaintiff as required by the regulations, further administrative review, as a practical matter, was not available. *See Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (information provided to the prisoner informs determination of whether further relief "was, as a practical matter, 'available.'").

For the reasons stated above, the court finds that to properly appeal, the regulations required plaintiff to use a form 602. Plaintiff asserts he could not timely appeal the April 8, 2002, riot because the guards on duty capriciously refused to give him a 602 form. Defendants have failed to demonstrate that plaintiff had access to the appeals process. Therefore, the underlying assumption of *Ngo* is absent here. Defendants have not met their burden of showing that plaintiff failed to exhaust available administrative remedies.

Accordingly, it is ORDERED that the November 16, 2006, findings and recommendations are vacated.

Further, it is hereby RECOMMENDED that:

1. Defendants' June 28, 2006, motion to dismiss, construed as a motion for judgment on the pleadings, be denied; and

2. Defendants be given 60 days to file and serve motions for summary judgment or to notify the court that they do not intend to seek summary judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7