IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

        Plaintiff,                      No. CIV S-04-0360 LKK EFB P

    vs.

DIANA BUTLER, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On April 23, 2007, plaintiff filed a motion for an order directing defendants to provide him a copy of the transcript of his May 26, 2006, deposition. On May 14, 2007, plaintiff filed a motion for an order directing defendants to provide him with a transcript of the April 26, 2007, deposition and to modify the schedule made January 27, 2006, to permit plaintiff to obtain discovery. This order addresses both motions.

        Regarding transcripts, the officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by a different method. Fed. R. Civ. P. 30(f)(2). That officer must provide a copy thereof to any party or to the deponent upon payment of reasonable charges therefor. Fed. R. Civ. P. 30(f)(2). The court cannot order defendants to provide plaintiff a copy of the transcript of the deposition

1

proceedings. Plaintiff must obtain it from the officer before whom the deposition was taken pursuant to Rule 30(f)(2). Although plaintiff was granted leave to proceed in forma pauperis, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds in this instance. *See* 28 U.S.C. § 1915.

Turning to plaintiff's request to modify the schedule, the court finds this also is without merit. He seeks an order extending the time for discovery so that defendants can comply with any order this court makes directing defendants to provide a transcript of his deposition. As explained above, the court cannot make such an order. Plaintiff also seeks an order extending the time for him to file a motion to compel responses to his requests for production of any and all video tapes or digital video discs of the April 8, 2002, riot. A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to the January 27, 2006, scheduling order discovery closed May 26, 2006. On May 17, 2006, plaintiff filed a motion to compel production of these items and on June 1, 2006, defendants filed an opposition. However, it appears that the court has not resolved this motion. Plaintiff timely sought the discovery that is the basis of his motion to modify the schedule. Therefore, modification is not necessary. However, defendants have submitted evidence showing that a video of the April 8, 2002, riot was located at Folsom State Prison and that arrangements were made for plaintiff to watch it on May 22, 2007.

Accordingly, it is ORDERED that plaintiff's April 23, 2007, and May 14, 2007, motions are denied.

Dated: July 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE