IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

      Plaintiff,                        No. CIV S-04-0360 LKK EFB P

    vs.

DIANA BUTLER, et al.,

      Defendants.            <u>ORDER</u>

                                 /

       Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983. Plaintiff commenced this action on February 19, 2004, and proceeded pro se until June 19, 2009, when he retained an attorney. Dckt. No. 1, 153. On October 14, 2009, plaintiff requested that the pretrial order be modified to: 1) reopen discovery for a period of six months; 2) schedule a case management conference to set out a new scheduling order; and 3) have the district judge handle all further proceedings given that plaintiff is now represented by counsel. The motion is noticed for hearing before the undersigned on January 6, 2010. Dckt. No. 169.

       A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

1

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

This action arises out of plaintiff's claims that defendants Acuna, Baber, Bunnell, Lemon and Rendon were deliberately indifferent to plaintiff's safety by conducting an unsafe procedure for ending a lockdown and that defendant Rios used excessive force against plaintiff during a riot when he repeatedly shot plaintiff in the head with rubber bullets. Plaintiff seeks to reopen discovery in order "to obtain copies of the video recordings taken on the yard the day of the riot at issue in the case," and "among other documents, . . . to discover whether there are any internal affairs investigations that took place following the riot, as well as any memos or other correspondence pertaining to any breach of policy or use of excessive force . . . ." Dckt. No. 166 at 2-3.

Defendants have stipulated to providing copies of the requested videotapes to plaintiff's counsel, subject to a protective order limiting use of the videotapes to this litigation. Dckt. No. 167 at 6, n.1; *see also* Dckt. No. 168 at 3. It appears that plaintiff, who did not file a reply brief, does not oppose defendants' request. Therefore, the court will grant defendants' request for protective order and order defendants to provide plaintiff's counsel with the requested videotapes subject to the protective order. Thus, plaintiff will have the video recordings he seeks.

The court must therefore decide whether discovery should be reopened to allow plaintiff to, "among other documents, . . . discover whether there are any internal affairs investigations that took place following the riot, as well as any memos or other correspondence pertaining to any breach of policy or use of excessive force . . . ." Dckt. No. 166 at 3. Defendants oppose plaintiff's request to reopen discovery on the grounds that it is untimely, is not supported by good cause, and will prejudice defendant. Dckt. No. 167, 168. The court issued a scheduling order on January 27, 2006, which required that discovery be completed by May 26, 2006, and that all pretrial motions be filed by July 21, 2006. Dckt. No. 50. The instant request is therefore

2

untimely.  Nevertheless, the court recognizes that plaintiff's attorney is new to this case and needs adequate time and materials to prepare for trial in this action.  Defendant Lemon acknowledges that plaintiff sought documents similar to those plaintiff's counsel now seeks, but was unable to obtain them due to plaintiff's error in failing to subpoena them from the Custodian of Records for the California Department of Corrections and Rehabilitation.  Dckt. No. 168 at 2-3.  The court will reopen discovery for the limited purpose of allowing plaintiff to subpoena from the custodian of records, documents pertaining to "any internal affairs investigations that took place following the riot, as well as any memos or other correspondence pertaining to any breach of policy or use of excessive force."  The court finds that this causes little prejudice to defendants.

Plaintiff's request for a case management conference is denied as unnecessary in light of the schedule set forth herein and the concurrently filed order directing the parties to file a joint pretrial statement.

Plaintiff's request to refer this case back to the district judge to handle all further proceedings pursuant to Local Rule 302(c)(21) is also denied.  This case was referred to the undersigned magistrate judge by Local Rule 302(c)(17) not (c)(21).[1]  Subsection (c)(17) applies to civil actions brought by a person in custody.  Plaintiff remains incarcerated and subsection (c)(17) continues to apply.  Accordingly, this action remains assigned to the undersigned pursuant to Local Rule 302(c)(17).

Accordingly, it is hereby ORDERED that:

1. The hearing date of January 6, 2010 on plaintiff's motion for modification of the pretrial order is vacated;

////

---

[1] Subsection (c)(21) refers to magistrate judges civil actions by persons proceeding in pro per and provides that if a pro se litigant later retains counsel the case will be referred back to the district judge.

3

1    2. Plaintiff's motion for modification of the pretrial order is granted to the extent that discovery is reopened for a 60-day period commencing on the date this order is filed and is further limited as set forth above. In all other respects, plaintiff's motion is denied;

    3. Defendants' request for a protective order is granted; and

    4. Pursuant to defendants' stipulation, they shall, within fourteen days of the date of this order, provide plaintiff's counsel with copies of the requested videotapes.

Dated: January 5, 2010.

    /s/ Edmund F. Brennan
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE