IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

      Plaintiff,                         No. CIV S-04-0360 LKK EFB P

    vs.

DIANA BUTLER, et al.,

      Defendants.                  ORDER RE FINAL PRETRIAL CONFERENCE

_____/

      Notwithstanding the provisions of Local Rule 281, the parties shall submit a *joint pretrial statement* not later than 120 days from the filing date of this order. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

1

parties about the precise *issues* that will be litigated at trial. *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[1] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall *not* be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it is their duty to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial will be set before the Honorable Lawrence K. Karlton in the pretrial order.

////

////

---

[1] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

2

1 SETTLEMENT CONFERENCE

2 At the request of the parties, a Settlement Conference will be set in the pretrial order.

3 Should the parties desire the assigned district or magistrate judge to conduct the
4 settlement conference, their joint pretrial statement shall contain an express waiver of
5 disqualification.

6 Accordingly, the parties are directed to file their joint pretrial statement not later than 120
7 days from the filing date of this order.

8 IT IS SO ORDERED.

9 DATED: January 5, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE