1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  MONICA N. ANDERSON, State Bar No. 182970
   Supervising Deputy Attorney General
3  DAVID A. CARRASCO, State Bar No. 160460
   Supervising Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 323-1938
6   Fax: (916) 324-5205
    E-mail: David.Carrasco@doj.ca.gov

*Attorneys for Defendants Acuna, Baber, Bunnell,
Rendon, and Rios*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY TABAREZ,** | 2:04-cv-0360 LKK KJN PC |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER CONCERNING CONFIDENTIAL INVESTIGATIVE REPORTS AND OTHER DOCUMENTS REFERENCING NONPARTIES** |
| v. | |
| **DIANA BUTLER, et al.,** | |
| Defendants. | |

**THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:**

**A. CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiff has requested internal affairs investigative reports concerning a riot at Folsom State Prison on April 8, 2002, and memos or other correspondence, pertaining to any breach of policy or use of excessive force concerning that riot. The California Department of Corrections and Rehabilitation (CDCR) deems the requested documents confidential material.

The confidential material references CDCR employees and inmates who are not parties in this action, and includes statements by nonparties who witnessed the riot, or events preceding or following the riot that may be relevant to this action. All confidential material is considered to be

"official information" within the meaning of California Evidence Code sections 1043 and 1045 and Penal Code section sections 832.7 and 832.8. In addition, the confidential material is subject to a qualified privilege as official information under Federal common law. Furthermore, the requested documents contain personal information within the meaning of the Information Practices Act, which is protected by California Civil Code section 1798.24.

As are countless other investigative reports by CDCR's Internal Affairs Division, the confidential material in this case was prepared on the basis of, among other things, interviews with custodial staff and inmates with the understanding that statements made in the course of the interviews would remain confidential. The disclosure of the confidential material without a protective order would undermine CDCR's ability to assure its employees and inmates that their statements will be maintained in confidence. The likely result of unprotected disclosure of these reports is that CDCR employees and inmates, whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or less willing to cooperate with investigators. Accordingly, a protective order is warranted for these reports.

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

CDCR will produce the confidential material, subject to this protective order on the following conditions:

1. The social security numbers and any other confidential personal information of the CDCR employees who are the subject of the confidential material shall be redacted. Similarly, the confidential personal information of inmates (FBI and CI&I numbers, social security numbers, birthdates) of prisoners shall be redacted.

2. Prior notice as required by Civil Code section 1798.24 (k) will be given to individuals whose names or other identifying information are disclosed in the material.

3. The confidential material may be disclosed only to the following persons:

   (a) Counsel of record for Plaintiff in this action;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff;

(c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

(d) Any outside expert or consultant retained by Plaintiffs' counsel for purposes of this action;

(e) Witnesses to whom the confidential material may be disclosed during the preparation for trial and trial, provided that no witness may not have copies of any of the confidential material, and each witness shall be informed and agree to be bound by the terms of this order. In no event may plaintiff or any other inmate have possession of any material produced pursuant to this subpoena. Counsel for the parties acknowledge that such access would constitute a violation of Title 15, California Code of Regulations, section 3370(b) and would compromise the safety and security of the institution.

3. Plaintiff's counsel and his legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. All confidential material in possession of Plaintiff's counsel shall be destroyed or returned to the CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

5. When Plaintiffs' counsel returns or destroys the confidential material, he shall provide Defendants' counsel with a declaration stating the all confidential material has been returned or destroyed.

6. No confidential material obtained by Plaintiff's counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

7. Any confidential material filed with the Court by either party shall be filed and maintained under seal.

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

3

Stipulation for Protective Order (2:04-cv-0360 LKK KJN PC)

9. The provisions of this protective order are without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents;

(c) To object to a discovery request.

10. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated: February 18, 2010         /s/ *David A. Carrasco*
                                 DAVID A. CARRASCO
                                 Attorney for Defendants
                                 Acuna, Baber, Bunnel, Rendon, and Rios

Dated: February 18, 2010         /s/ *Jeffrey M. Curtiss*
                                 JEFFREY M. CURTISS
                                 Jeffrey M. Curtiss
                                 Stanzler Funderburk & Castellon LLP
                                 Attorney for Defendant Lemon

Dated: February 18, 2010         /s/ *Gary W. Gorski*
                                 GARY W. GORSKI
                                 Attorney for Plaintiff
                                 Gregory Tabarez

**IT IS SO ORDERED**

Dated: February 19, 2010         /s/ Kendall J. Newman
                                 KENDALL J. NEWMAN
                                 MAGISTRATE JUDGE
                                 UNITED STATES DISTRICT COURT