IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY TABAREZ,

        Plaintiff,                   No. 2: 04-cv-0360 LKK KJN P

    vs.

DIANA BUTLER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        This action is now ready to be set for pretrial conference and jury trial. The Final Pretrial Conference is set for **December 13, 2010, at 1:30 p.m.** before the Honorable Lawrence K. Karlton. Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

        Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its resolution. A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

1    The parties shall file Separate Pretrial Statements, the contents and timing of
2 which are set forth in Local Rule 281, except that the parties are to prepare a <u>JOINT</u>
3 <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u>
4 Local Rule 281(b)(3), (4), and (6).  The parties are reminded to include in their joint statement all
5 disputed and undisputed special factual information as required by Local Rule 281(b)(6).
6    The undisputed facts and disputed factual issues are to be set forth in two separate
7 sections.  In each section, the parties should identify first the general facts relevant to all causes
8 of action.  After identifying the general facts, the parties should then identify those facts which
9 are relevant to each separate cause of action.  In this regard, the parties are to number each
10 individual fact or factual issue.  Where the parties are unable to agree as to what factual issues
11 are properly before the court for trial, they should nevertheless list in the section on "DISPUTED
12 FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the
13 controversy concerning each issue.  Each individual disputed fact or factual issue shall include
14 the following introductory language:  "Whether or not . . . ."  The parties should keep in mind
15 that, in general, each fact should relate or correspond to an element of the relevant cause of
16 action.  Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed
17 Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of
18 plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the
19 jury.
20    Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in
21 their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no
22 matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but
23 shall be attached as separate documents to be used as addenda to the Final Pretrial Order.
24 Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed
25 **alphabetically**.  In the event that the alphabet is exhausted, defendant's exhibits shall be marked
26 "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of

witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial.  This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc."  Each party shall commence this section by specifying as to each claim whether federal or state law governs, and if state law, the state whose law is applicable.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set for **March 15, 2011, at 10:30 a.m.**  Trial will be by jury.

DATED:  July 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tab360.sch