1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GREGORY TABAREZ,

11                  Plaintiff,                          No. 2: 04-cv-0360 LKK KJN P

12          vs.

13    DIANA BUTLER, et al.,                            ORDER AND

14                  Defendants.                        FINDINGS & RECOMMENDATIONS

15    _____/

16    I.  Introduction

17                  Plaintiff is a state prisoner proceeding with a civil rights action.  On July 22, 2010,

18    the parties filed a notice of settlement.  On July 29, 2010, defendants were ordered to file within

19    150 days either a stipulation of dismissal or a status report addressing when a stipulation would

20    be filed.  (Dkt. No. 187.)  On December 14, 2010, defendants filed a status report stating that

21    they expect that plaintiff can be paid the sum of money agreed to by early February 2011.

22    Defendants also state that plaintiff is eligible for transfer to a level 2 prison, per the settlement

23    agreement.  (Dkt. No. 194.)

24                  Pending before the court are plaintiff's motions for substitution of attorney and to

25    rescind the settlement agreement filed August 24, 2010.  (Dkt. Nos. 188, 189.)  On September 2,

26    2010, defendants filed a motion for enforcement of the settlement agreement.  (Dkt. No. 190.)

1

1    For the following reasons, plaintiff's motion for substitution is granted, and the

2    undersigned recommends that plaintiff's motion to rescind the settlement agreement be denied

3    and defendants' motion to enforce the settlement agreement be granted.

4    II.  Plaintiff's Claims

5    Plaintiff is represented by counsel, i.e. Craig Cox Weaver and Gary Gorski.  In the

6    motion for substitution, plaintiff requests that he be permitted to proceed pro se or, in other

7    words, without counsel.  Plaintiff's motion is granted.

8    Plaintiff seeks to rescind the settlement agreement on the following grounds.  In a

9    declaration attached to his motion, plaintiff alleges that on June 23, 2010, he had surgery for an

10   enlarged prostate following which he was prescribed acetaminophen with codeine phosphate 300

11   mg tablets which he took three times per day.  (Dkt. No. 189, at 3 of 30.)  This medication caused

12   plaintiff to feel light headed, dizzy, sleepy, nauseous, disoriented and high.  (Id.)  Plaintiff alleges

13   that he took this medication on July 9, 2010, i.e. the date of the settlement conference.  (Id., at 3-

14   4.)  Plaintiff alleges that he told his lawyer at the settlement conference that he was on pain

15   medication.  (Id., at 4.)

16   Plaintiff alleges that during the settlement conference, Judge Vadas told him that

17   he could not prove deliberate indifference and that he should accept the settlement offer  (Id., at

18   5.)  Plaintiff claims that his lawyer told Judge Vadas that he could prove deliberate indifference

19   against several defendants.  (Id., at 6.)  Judge Vadas and plaintiff's counsel stepped out of the

20   conference, returning 15 to 30 minutes later.  (Id.)  At that time, plaintiff's counsel told plaintiff

21   that after extensive arguing, he had changed his position and now believed that he would

22   probably lose against most defendants at trial.  (Id.,)  Counsel told plaintiff that if they lost at

23   trial, plaintiff would owe $30,000 to $40,000 in fees.  (Id.)  Plaintiff allegedly told his counsel

24   that Judge Vadas was biased because he was arguing on behalf of defendants.  (Id.)  Plaintiff's

25   counsel stated that Judge Vadas was neutral.  (Id.)

26   A few minutes later, Judge Vadas returned to the conference room.  (Id.)

1  Plaintiff's counsel asked Judge Vadas to confirm that he was neutral and not biased.  (Id.)  Judge

2  Vadas said that he was a judge who had handled hundreds of cases.  (Id., at 7.)  According to

3  plaintiff, Judge Vadas stated, "...you cannot prove deliberate indifference in this case, at best you

4  can prove negligence, but in federal court you have to prove they knowingly caused your injury

5  and you cannot do that in this case."  (Id.)  Plaintiff's counsel then told plaintiff that it was in his

6  best interest to accept a settlement.  (Id.)  Plaintiff agreed to accept the settlement.  (Id.)

7  　　　　Plaintiff alleges that he felt pressured and that he needed time to think.  (Id.)

8  Plaintiff alleges that he needed a week to think about the settlement because he had just had

9  surgery and was on medication.  (Id.)  Plaintiff claims that Judge Vadas told him that he had to

10  decide that day.  (Id.)  Plaintiff alleges that his lawyer told him that if he went to trial, he would

11  most likely get nothing and instead owe more than he already owed in restitution.  (Id., at 7-8.)

12  　　　　Plaintiff alleges that the settlement was not in his best interest because his lawyer

13  originally asked for $600,000 when he first became involved in the case on June 9, 2009.  (Id., at

14  8.)  Plaintiff alleges that Judge Vadas and his lawyer worked against him.  (Id., at 8-9.)

15  III.  Legal Standard

16  　　　　"The construction and enforcement of settlement agreements are governed by

17  principles of [state] law which apply to contracts generally."  Jeff D. v. Andrus, 899 F.2d 753,

18  759 (9th Cir. 1990).

19  　　　　Pursuant to California Civil Code section 38:  "A person entirely without

20  understanding has no power to make a contract of any kind. . . ."  California Civil Code section

21  39, subdivision (a), provides:  "A . . . contract of a person of unsound mind, but not entirely

22  without understanding, made before the incapacity of the person has been judicially determined,

23  is subject to rescission. . . ."  If a person enters into an agreement when he or she is "entirely

24  without understanding," that contract is void.  Cal. Civ.Code, § 38; Hellman Commercial Trust

25  & Savings Bank v. Alden, 206 Cal. 592, 602-05 (1929).  If a person enters into a agreement

26  when he or she is "of unsound mind, but not entirely without understanding" the contract is not

3

1  void, but voidable.  Cal. Civ.Code, § 39 (a); <u>Hellman Commercial Trust & Savings Bank v.</u>

2  <u>Alden</u>, supra, 206 Cal. at p. 605.

3        In the absence of an adjudication of incompetency, it is necessary

4  to allege and prove that the transaction was void for lack of understanding of its nature and effect. . . . '. . . [T]he test is: Was the party mentally competent to deal with the subject before him

5  with a full understanding of his rights? [Citation.] Did he actually understand the nature, purpose, and effect of the contract?' One

6  may be incompetent to some extent and yet have sufficient mentality to comprehend the nature and effect of a transaction and

7  therefore execute a valid contract. An 'unsound mind' has been defined by the Standard Dictionary to include one which is weak,

8  diseased, abnormal, or defective. It is equivalent to the term non compos mentis, which includes all degrees of mental incompetency

9  known to the law. [Citation.] A contract which is challenged on the ground of incompetency is ordinarily not void, but merely

10  voidable. [Citations.] . . . 'The mental incapacity to avoid . . . a contract must amount to an inability to understand the nature of the

11  contract and to appreciate its probable consequences.'"

12  <u>Id</u>., at 603-04 (citations omitted.)

13        "It is well settled that a contract (or deed) may be set aside for duress only if it

14  was "'. . . obtained by so oppressing a person by threats regarding the safety or liberty of

15  himself, or of his property, or of a member of his family, as to deprive him of the free exercise of

16  his will. . . .'"  <u>In re Marriage of Broderick</u>, 209 Cal.App.3d 489, 499 (1989) (citations omitted).

17  "Duress is more than mere threats or puffing; a party must be shown to have intentionally used

18  threats or pressure to induce action or nonaction to the other party's detriment." <u>In re Marriage of</u>

19  <u>Stevenot</u>, 154 Cal.App.3d 1051, 1073 n.6 (2008).

20  IV.  <u>Analysis</u>

21        Although allegedly under the influence of some medication, it is clear from

22  plaintiff's declaration that he was not "entirely without understanding" at the time of the

23  settlement conference.  It is clear that plaintiff understood the nature of the settlement agreement

24  and appreciated its consequences.

25        The undersigned also does not find that plaintiff was subject to duress at a level

26  that warrants voiding the settlement agreement.  The comments allegedly made to plaintiff by his

1   lawyer and Judge Vadas were not of a nature that would have deprived plaintiff of the free

2   exercise of his will.  The comments allegedly made by plaintiff's lawyer regarding the relative

3   strength of plaintiff's case are not inconsistent with the inherently adversarial nature of litigation.

4   See United Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001) ("our

5   system of litigation is an adversary one, and . . . presenting the facts and law as favorably as fairly

6   possible in favor of one's client is the nub of the lawyer's task.")

7           For the reasons set forth above, the undersigned recommends that plaintiff's

8   motion to rescind the settlement agreement be denied and defendants' motion to enforce the

9   settlement agreement be granted.

10          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for substitution

11  of attorney (Dkt. No. 188) is granted; plaintiff shall proceed pro se;

12          IT IS HEREBY RECOMMENDED that:

13          1.  Plaintiff's motion to rescind the settlement agreement (Dkt. No. 189) be

14  denied;

15          2.  Defendants' motion to enforce the settlement agreement (Dkt. No. 190) be

16  granted.

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1          These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3    one days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6    objections shall be filed and served within fourteen days after service of the objections.

7    The parties are advised that failure to file objections within the specified time may waive the

8    right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    DATED:  January 18, 2011

10

11

12   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

13   tab360.60

14

15

16

17

18

19

20

21

22

23

24

25

26