1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY TABAREZ,

11            Plaintiff,                    No. 2:04-cv-0360 LKK KJN P

12        vs.

13   DIANA BUTLER, et al.,

14            Defendants.            ORDER

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19            On January 19, 2011, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any

21   objections to the findings and recommendations were to be filed within twenty-one days.

22   Plaintiff has filed objections to the findings and recommendations.

23            In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

24   304, this court has conducted a de novo review of this case.

25   ////

26   ////

1

**I. Procedural Background**

On July 22, 2010, the parties filed a notice of settlement of plaintiff's § 1983 claims against defendants. ECF No. 185. Plaintiff filed a motion for rescission of the settlement agreement on August 24, 2010, after the conclusion of a race-based lock down that prohibited him from accessing the legal library at his detention facility. Mot., ECF No. 189 at 2. The motion alleges that plaintiff was subjected to undue influence, undue susceptibility and possibly constructive fraud and collusion between his counsel and the mediator presiding over the settlement conference. Id. at 1. Motion, ECF No. 200 at 11. On September 2, 2010, defendants moved to enforce the settlement agreement. Def's. Mot., ECF No. 190. On January 19, 2011, the magistrate issued its proposed order and recommendation that the court deny plaintiff's motion to rescind the settlement agreement. Findings, Doc. No. 195. Plaintiff filed his objections on March 3, 2011. Objections, Doc. No. 200 at 9, 17.

**II. Discussion**

The magistrate correctly stated the law governing rescission of contracts based on diminished mental capacity of one of the parties to the contract. There are three categories of diminished mental capacity that render a contract void or voidable. First, "a person entirely without understanding has no power to make a contract of any kind. . ." Cal. Civil Code § 38. The court adopts the magistrate's finding that plaintiff was not entirely without understanding at the time of the settlement conference. Plaintiff did not allege that he lacked all understanding, and his recitation of the events on the day of the settlement conference demonstrate that he had at least some understanding of the agreement. Section 38, therefore, is inapplicable here.

Second, a contract may be set aside for duress if it was "obtained by so oppressing a person . . . so as to deprive him the free exercise of his will." In re Marriage of Broderick, 209 Cal.App.3d 489. 499 (1989). The court adopts the magistrate's finding that "plaintiff was not subject to duress at a level that warrants voiding the settlement agreement." ECF No. 195 4:25-26. Plaintiff's allegations of his lawyers' and the mediators' conduct during the settlement

1  negotiation do not support a claim of undue duress.

2         Third, even if a person is not entirely without understanding when entering into a

3  contract, the contract is voidable under Cal. Civil Code § 39(a) if the party had "an inability to

4  understand the nature of the contract and to appreciate its probable consequences." <u>Hellman</u>

5  <u>Commercial Trust & Savings Bank v. Alden</u>, 206 Cal. 592, 605 (1929) . The court declines to

6  adopt the magistrate's finding that "it is clear that plaintiff understood the nature of the

7  settlement agreement and appreciated its consequences." ECF No. 195 4:23-24.  The magistrate

8  did not specify the evidence upon which this finding was made. Plaintiff submitted a declaration

9  with his motion for rescission which stated that at the time that he accepted the settlement

10  agreement, plaintiff  was on pain medications, and that his "head was spinning," he "could not

11  think straight," he was "in pain," he felt overwhelmed," and that he needed additional time to

12  think about the settlement before accepting it. The pain medication that he was taking at the time

13  for pain related to prostrate surgery left plaintiff feeling "disoriented." Decl. Of Gregory Tabarez,

14  filed with Pl.'s Mot. for Rescission,  ECF No. 189. The court finds that an evidentiary hearing is

15  required in order to determine whether Mr. Tabarez understood the nature of the settlement

16  agreement and appreciated its consequences.

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  The findings and recommendations filed January 19, 2011 (ECF No. 195) are

19         adopted in part;

20         2. The court declines to adopt the magistrate's finding that plaintiff understood the

21         nature of the settlement agreement and appreciated its consequences.

22         3. The court declines to adopt the magistrate's recommendation that plaintiff's

23         motion to rescind the settlement agreement (ECF No. 189) be denied.

24         4. The court declines to adopt the magistrate's recommendation that defendant's

25         motion to enforce the agreement (ECF No. 190) be granted.

26  ////

1          5. This matter is referred back to the magistrate for an evidentiary hearing

2     consistent with this order.

3    DATED:   March 31, 2011.

4

5                                    LAWRENCE K. KARLTON

6                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4